IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANK J. GARLAND, | * | |
| Plaintiff, | * | |
| | | Civil No. RDB 09-941 |
| v. | * | |
| ERNEST LEVERING, DAVID HARTMAN, | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Frank J. Garland, proceeding *pro se,* filed the instant lawsuit alleging that Defendants Ernest Levering and David Hartman violated Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.* Now pending before the Court are the Motion to Dismiss and/or Motion for Summary Judgment filed by Defendant Levering (Paper No. 5) and the Motion to Dismiss and/or Motion for Summary Judgment filed by Defendant Hartman (Paper No. 22). This matter has been fully briefed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons set forth below, the Defendants' Motions to Dismiss are GRANTED, as Plaintiff's discrimination claim was not timely filed.

## BACKGROUND

Plaintiff Frank J. Garland ("Garland") is employed with the Steamship Trade Association of Baltimore ("STA") and he is a member of the International Longshoremen's Association ("ILA") Local 333. Defendant David Hartman ("Hartman") is Vice-President of the STA and

Defendant Ernest Levering ("Levering") is the owner of Baltimore Stevedoring, Inc., a small stevedoring company that services vessels in the Port of Baltimore.

A collective bargaining agreement between the STA and the ILA establishes a STA-ILA Seniority Board ("Seniority Board"), which refers its members, on the basis of seniority, to employers with job openings. In December of 2006, Baltimore Stevedoring requested that the STA-ILA post the availability of three bulldozer and excavator positions. On January 9, 2008, the Seniority Board referred three of its senior applicants, including Garland, to Baltimore Stevedoring. Defendants submit that the Seniority Board then issued a letter to Garland, dated January 9, 2007, which informed him of his need to contact Baltimore Stevedoring in order to accept the position. Garland, however, claims that he never received this notifying letter. Because none of the initial three applicants contacted Baltimore Stevedoring, the Seniority Board issued a second round of letters to the next most senior set of applicants on January 24, 2007. After receiving a second round letter, an individual named Robert Maxwell followed up with Baltimore Stevedoring and was ultimately hired.

On February 20, 2007, Garland filed a grievance with the Seniority Board claiming that he never received the notice letter and requesting an opportunity to reapply for the position. On March 15, 2007, the Seniority Board denied Garland's complaint. On June 5, 2007, Garland appeared before the Trade Practice Committee ("TPC"), which hears the next level of appeals from the Seniority Board. In assessing Garland's appeal, TPC considered letters submitted by Defendant Levering that complained of Garland's job performance and noted that he had been involved in an accident on the job. On July 3, 2007, Hartman issued a letter to Garland notifying him that his request for employment had been denied by the TPC.

On June 4, 2008, Garland filed his charge of discrimination with the Baltimore Community Relations Commission and the Equal Employment Opportunity Commission ("EEOC"). On April 14, 2009, Garland filed the instant action alleging racial discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.* Garland claims that he was unlawfully denied employment at Baltimore Stevedoring because he is an African American. He notes that the position he sought to apply for was instead provided to Robert Maxwell, a white male with less seniority.

## STANDARD OF REVIEW

The parties to the present action have attached a series of exhibits to their briefs. Because this Court has considered these submissions that are outside of the pleadings, Defendants' pending motions are treated as motions for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(b) & (c); *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985).

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id*. at 249.

In undertaking this inquiry, a court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). After the moving party has established the absence of a genuine issue of material fact, the nonmoving party must present evidence in the record demonstrating an issue of fact to be resolved at trial. *Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 246-47 (4th Cir. 2005) (citing *Pine Ridge Coal Co. v. Local 8377, UMW,* 187 F.3d 415, 422 (4th Cir. 1999)). Summary judgment will be granted if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## ANALYSIS

To file a Title VII claim in federal court, "a plaintiff must first exhaust [her] administrative remedies by filing a charge of discrimination with the EEOC." *Edelman v. Lynchburg College*, 228 F.3d 503, 506 (4th Cir. 2000). In Maryland, a deferral state,[1] a Title VII claim of discrimination must be filed with the EEOC within 300 days of the alleged discriminatory action. 42 U.S.C. § 2000e-5(e)(1). "If a charging party fails to comply with this statutorily mandated filing period, alleged discriminatory acts which occurred more than 300 days prior to the filing of the EEOC charge may not subsequently be challenged in a Title VII suit." *Van Slyke v. Northrop Grumman Corp.*, 115 F. Supp. 2d 587, 592 (D. Md. 2000). *See also Beall v. Abbott Laboratories*, 130 F.3d 614, 620 (4th Cir. 1997) ("[i]ncidents outside the statutory window are time-barred"). Courts have strictly enforced the timeliness requirements

---

[1] A deferral state is one with "a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof." 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2). Maryland is classified as a deferral state due to the Maryland Commission on Human Relations (MCHR), a state agency that is capable of providing relief from discrimination.

that govern actions alleging employment discrimination. *Tangires v. Johns Hopkins Hosp.*, 79 F. Supp.2d 587, 597 (D. Md. 2000). *See also Christian v. City of Annapolis*, No. 06-1119, 2006 WL 2294539, at *1 (D. Md. Aug. 9, 2006) (dismissing discrimination claim as untimely because it was not filed with the EEOC until 301 days after the alleged discriminatory act); *Langford v. Yale Univ. School of Medicine*, 39 Fed. Appx. 683, 685 (2d Cir. 2002) (affirming dismissal of discrimination claim that was filed with the EEOC two days after the 300-day deadline).

In his Complaint, Garland alleges that he was discriminated against when Baltimore Stevedoring refused to hire him for one of the bulldozer and excavator positions. Even after construing the facts and all reasonable inferences in the light most favorable to Garland, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), it is clear that Garland knew that he would not be hired for the requested position as of July 3, 2007, when he received the denial letter from Hartman. As a result, Garland's discrimination claim under Title VII should have been filed by April 27, 2008—the statutorily imposed 300-day deadline for filing suits under Title VII. Because Garland did not file his charge of discrimination with the EEOC until June 4, 2008, his claim is time-barred.

Accordingly, Defendant Levering's Motion to Dismiss and/or Motion for Summary Judgment (Paper No. 5) and Defendant Hartman's Motion to Dismiss and/or Motion for Summary Judgment (Paper No. 22) are GRANTED. A separate Order follows.

Date: January 12, 2010                        /s/_____
                                              Richard D. Bennett
                                              United States District Judge